UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(Western Division)

| | |
|---|---|
| UNIVERSAL MUSIC-MGB NA LLC dba UNIVERSAL MUSIC-MGB SONGS and PWMP ACQUISITION I LLC dba PRIMARY WAVE LAMM,<br><br>Plaintiffs,<br>v.<br><br>CALVIN THEATER CORP. and ERIC SUHER,<br><br>Defendants. | Civil Action No.<br><br><br><br>**COMPLAINT** |

Plaintiffs Universal Music-MGB NA LLC dba Universal Music-MGB Songs and PWMP Acquisition I LLC dba Primary Wave Lamm, for the complaint against Defendants Calvin Theater Corp. and Eric Suher, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1338(a) because this is a civil action arising under the Copyright Law of the United States.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1400(a) because Defendants reside and/or can be found in this District.

4. Plaintiffs allege six (6) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions.

5. Schedule A, attached to the Complaint, sets forth in table form the allegations with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

**THE PARTIES**

6. Upon information and belief, Defendant Calvin Theater Corp. ("C.T.C.") is a corporation organized under the laws of the state of Massachusetts with offices at PO Box 771, 47 Jackson Street, Holyoke, MA 01041.

7. At all pertinent times, C.T.C. did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Calvin Theatre, located at 19 King Street, Northampton, Massachusetts 01060.

8. Musical compositions were and are publicly performed at Calvin Theatre.

9. Defendant Eric Suher ("Suher") is an individual who resides and/or does business in this District.

10. At all pertinent times, Suher was, and still is, an owner, officer, and/or director of C.T.C.

11. At all pertinent times, Suher was, and still is, responsible for the control, management, operation and maintenance of the affairs of C.T.C.

12. At all times pertinent times, Defendants had, and still have, the right and ability to supervise and control the activities that take place at Calvin Theatre, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

13. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Calvin Theatre.

14. Plaintiffs are the owners of the copyrights in the original musical compositions listed in Column 3 of Schedule A.*

15. Plaintiffs are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

16. Plaintiffs are members of the American Society of Composers, Authors and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 875,000 songwriter, composer, and music publisher members.

17. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

### DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

18. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by at least the following facts.

19. Defendant C.T.C. entered into a license agreement with ASCAP, effective January 1, 2001.

20. C.T.C. failed to pay license fees as required by the license agreement.

21. Because of C.T.C.'s failure to pay license fees due, ASCAP twice sent written notice, on February 15, 2022 and March 30, 2022, that in accordance with the terms of the

---

* All references to "columns" refer to the numbered columns in Schedule A.

license agreement, the ASCAP license for Calvin Theatre would terminate in 30 days if payment was not received.

22. Defendants never responded to the notices.

23. Defendants never paid the overdue fees.

24. The license terminated no later than April 29, 30 days after the second written notice.

25. On July 22, 2022, ASCAP sent Defendants a letter that included notice of copyright infringement explaining that ASCAP had identified infringing performances of its members' works at the Calvin Theater.

26. In that same letter, ASCAP made an offer of settlement, pursuant to which it would also agree to relicense public performances of music at Calvin Theatre.

27. Defendants never responded to ASCAP's letter and offer of settlement.

28. ASCAP's numerous communications with Defendants, both before and after termination of Calvin Theatre's ASCAP license, gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at Calvin Theatre constitute copyright infringement.

29. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Calvin Theatre, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

30. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

31. The original musical compositions involved in causes of actions one and two and were registered as unpublished works on the dates stated in Column 5, and since the date of registration, have been printed and published in conformity with Title 17 of the United States Code.

32. The original musical compositions involved in causes of action three through six were published on the dates stated in Column 5, and since the date of publication have been printed and published in conformity with Title 17 of the United States Code.

33. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

34. The original musical compositions listed in Column 3 are now in their renewal term of copyright, secured by the due filing of applications for renewal of copyright in the office of the Register of Copyrights.

35. The Register of Copyrights thereupon issued a Certificate of Registration of the claim of renewal in the names of the claimants listed in Column 7.

36. The dates and identification number of the renewal certificates is set forth in Column 8.

37. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly compositions at Calvin Theatre, for the entertainment and

amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

38. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

39. The public performances on Defendants' premises of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer, was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

40. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

41. The many unauthorized performances at Calvin Theatre include the performances of the six copyrighted musical compositions upon which this action is based.

42. The wrongful acts of the Defendants have caused and are causing damage and irreparable injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, Plaintiffs will continue to suffer irreparable injury, for all of which the Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.      That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Calvin Theatre, or in any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.     That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) with respect to each cause of action.

III.    That Defendants be ordered to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.     For such other and further relief as may be just and proper.

Dated: Boston, Massachusetts
       August 22, 2022

                        Respectfully submitted,

                        UNIVERSAL MUSIC-MGB NA LLC dba
                        UNIVERSAL MUSIC-MGB SONGS and
                        PWMP ACQUISITION I, LLC dba
                        PRIMARY WAVE LAMM,

                        By their attorney,

                        /s/ Eric Osterberg
                        Eric C. Osterberg (BBO #624944)
                        Osterberg LLC
                        83 Atlantic Avenue
                        Boston, MA 02110
                        Phone: (617) 294-6542
                        eosterberg@osterbergllc.com
                        (*Attorney for Plaintiffs*)